IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEVILLE SOUTH, on behalf of himself and all others similarly situated, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. |
| § § | |
| GEICO GENERAL INSURANCE COMPANY, § § § | |
| Defendant. § § § | |

# NOTICE OF REMOVAL

Please take notice that Defendant GEICO General Insurance Company ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1453, and 1446, hereby removes this action from the Supreme Court of the State of New York County of Kings to the United States District Court for the Eastern District of New York, fully reserving the right to plead and raise all defenses and objections to which it may be entitled. In support of removal, Defendant respectfully states as follows:

1. On April 7, 2021, named plaintiff Neville South ("Plaintiff") filed a third party complaint against Defendant in Supreme Court for the State of New York County of Kings, in the action styled *Neville South on Administrator for the Estate of Evetta Gaines South, Deceased, v. Daejean Richards, Raquel Coleen, and Neville South*.

2. On September 9, 2022, the third-party complaint against Defendant was severed into its own action styled *Neville South v. GEICO General Insurance Company* (the "Original Action").

1

3.      On June 20, 2023, Plaintiff filed an amendment complaint ("Amended Complaint") in the Original Action asserting, for the first time, claims on behalf of a putative class of Defendant's insureds.

4.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the Original Action are contained in Exhibit A, including a true and correct copy of the Amended Complaint.

5.      Plaintiff's Amended Complaint asserts three counts against Defendant, including breach of contract, quatum meruit, and declaratory relief.  Amended Complaint ¶¶ 30-44. Plaintiff's claims stem from his allegations that Defendant failed to provide notifications to New York insureds concerning the availability of Supplemental Spousal Liability ("SSL") coverage compliant with the requirements of New York Insurance Law and related regulations leading Defendant to improperly deny claims for SSL coverage and in turn fail to defend and indemnify insureds.  Amended Complaint ¶¶ 23-27.  Plaintiff requests the following relief: an order certifying this action as a class action, compensatory damages, declaratory relief, and other and further relief as appropriate.  Amended Complaint, Prayer for Relief.

6.      Plaintiff seeks to represent a class of "present and former New York-resident Geico customers whose claims for coverage under their respective automobile insurance policies were denied for lack of spousal endorsement in spite of Geico's non-compliance with the 'notification' requirement under New York Insurance Law §3420(g)(2)."  Amended Complaint ¶ 28.

**I.      Grounds for Removal.**

7.      This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. §§ 1332(d) 1453.  CAFA extends federal jurisdiction over class actions where:  (1) any member of the proposed class is a citizen of a state different from any defendant

(*i.e.,* minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5,000,000 or more, aggregating all claims, but excluding interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As described below, each of these requirements is met here.

      A.    **Minimal Diversity Exists.**

8. In accordance with 28 U.S.C. § 1332, minimal diversity exists.

9. Plaintiff Neville South is a resident and citizen of New York, located within the state of New York. Complaint ¶ (1), (1)(a).

10. Pursuant to 28 U.S.C. §§ 1332(c) and 1332(d)(10), a corporation or unincorporated association shall be deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is incorporated or organized.

11. At all relevant times, Defendant GEICO General Insurance Company has been a corporation incorporated pursuant to the laws of the State of Nebraska, with its principal place of business in the State of Maryland.

12. Accordingly, there is minimal diversity of citizenship under CAFA.

      B.    **The Proposed Class Consists of More than 100 Members.**

13. While the Complaint does not set forth a specific number of class members, it states that "there is likely more than 1,000 such present and former Geico customers" in the class. Amended Complaint ¶ 29.

14. It is therefore facially apparent from the allegations in Plaintiff's Amended Complaint that CAFA's requirement that the proposed class consist of more than 100 members is satisfied.

      C.    **Amount in Controversy Exceeds $5,000,000.**

15. In the removal context, the assessment of whether the amount-in-controversy requirement is satisfied does not rest on what damages plaintiff will ultimately recover, if any, but on what amount is in controversy between the parties.

16. Although the Complaint does not specify the exact dollar amount of the damages sought by Plaintiff and the putative class, based on the substance and scope of the claims that are asserted and the remedies requested, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

17. Plaintiff brings this action on behalf of a putative class that is defined as present and former insureds under any New York automobile insurance policy issued by Defendant who was denied SSL coverage under their policy. Amended Complaint ¶ 28. More specifically, Plaintiff alleges that he and the class should have been provided SSL coverage, up to applicable policy limits, under the policies. Amended Complaint ¶ 22. Plaintiff also alleges that he and the class are entitled to reimbursement "of any and all costs and fees incurred" in defending actions to which Defendant owed a duty of defense and other expenses including, but not limited, medical and funeral expenses. Amended Complaint ¶¶ 22, 27, 33, 44. Plaintiff does not assign a specific value to the class claims, but does claim that Defendant "is obligated to indemnify South … up to and including any and all applicable limits, including $100,000/$300,000 bodily injury liability and $100,000/$300,000 supplementary uninsured/underinsured motorist benefits." Amended Complaint ¶ 22(e).

18. The Complaint alleges that Plaintiff suffered the same harm as class members. Amended Complaint ¶¶ 23, 28-29. Given that Plaintiff alleges he is entitled to indemnification up to at least $100,000 and that he suffered the same harm as over a thousand class members, it is facially apparent from the allegations in Plaintiff's Complaint that CAFA's amount in controversy

requirement is satisfied because the Complaint alleges more than $100,000,000 million in compensatory damages. Even if class members were only entitled to a quarter of the coverage limits available under their policies this would still result in an amount in controversy of over $25 million, well in excess of the $5 million threshold.

19.   Further, even class members have lower policy limits than Plaintiff, like the minimum limits for bodily injury coverage of $25,000 per person/$50,000 per occurrence required under New York law, the amount in controversy would exceed $25 million with over 1,000 class members (1,000 x $25,000).  Even if class members were entitled to a fifth of the coverage limits under their policies, assuming $25,000/$50,000 limits, this would still result in an amount in controversy of over $5 million.

20.   In addition, Plaintiff alleges damages on behalf of a class relating to reimbursement for costs and fees incurred by class members in defending actions to which GEICO, but for the improper denial of coverage, was obligated to defend.  Amended Complaint ¶¶ 27, 33, 44(d). Plaintiff does not assign a value to these claims, but even assuming an extremely modest $5,000 cost to defend each action these damages alone exceed $5 million for the over 1,000 alleged class members.

21.   Finally, Plaintiff seeks declaratory relief, which must also be included in determining the amount in controversy.  If Defendant is forced to change its business practice, there would not only be the cost of implementing the change, but also future financial harm as it will have to pay out future claims as set forth in the Complaint.

22.   Accordingly, while Defendant does not concede that Plaintiff or members of the putative class are entitled to the damages sought, the amount in controversy exceeds $5,000,000.

**II.    The Procedural Requirements for Removal Are Satisfied.**

23. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The Amended Complaint was served on GEICO on June 20, 2023.

24. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

25. Venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a), because this action was originally brought in the Supreme Court of the State of New York County of Kings, which is within the District of this Court.

26. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk of the Supreme Court of the State of New York County of Kings. All parties will receive a copy of the notice filed with that court. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

### III.   Conclusion

27. Because diversity of citizenship exists under CAFA, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action under CAFA.

28. By filing this Notice of Removal, Defendant does not waive any defenses or objections available to it under the law. Defendant reserves the right to amend or supplement this Notice of Removal and otherwise plead.

WHEREFORE, Defendant hereby gives notice that, for the reasons stated above, this case, pending in the Supreme Court of New York County of Kings, is removed to this Court.

Dated: July 20, 2023

Respectfully submitted,

s/ Alexander Fuchs
Alexander Fuchs
1114 Avenue of Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
alexfuchs@eversheds-sutherland.com

**Attorneys for Defendant
GEICO General Insurance Company**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 20, 2023, the foregoing **NOTICE OF REMOVAL** was served upon the following via the Court's CM/ECF system, if the attorneys listed below are registered CM/ECF users in the Eastern District of New York, as well as via electronic mail and via U.S. mail.

**Nablilaw LLC**
Khaled (Jim) El Nabli
One Liberty Plaza
165 Broadway, 23rd Floor
New York, NY 10006
(212) 808-0716
jim_elnabli@nablilaw.com

                                              s/ Alexander Fuchs
                                              Alexander P. Fuchs